SIMS *v.* SOUTHEAST MISSOURI TRUST COMPANY.

Opinion delivered November 3, 1919.

1. APPEAL AND ERROR—TESTING COURT'S FINDINGS.—In testing the correctness, on appeal, of the trial court's findings, this court will view the evidence in its aspect most favorable to the appellee.

2. CORPORATIONS—KNOWLEDGE OF OFFICE—NOTICE.—The knowledge of an officer of a corporation which comes to him through his private transactions outside of the range of his official duties, is not imputable to the corporation itself, so as to charge the corportation with constructive notice of the information received by the officer.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; affirmed.

*W. A. Leach,* for appellant.

1. The machine was defective and worthless, and the appellee had notice and was not an innocent purchaser without notice and for value. Hemmelberger was a director in all three corporations and the corporations were all charged with notice to its officers. 48 L. R. A. (N. S.) 65; 13 N. Y. 114; 1 Howard (U. S.), 13 Lawy. Ed. 965.

2. The court erred in holding that appellee was a bondholder without notice and in refusing to permit appellant to make the defense of failure of consideration. Cases *supra.*

*Oliver & Oliver, Thos. C. Trimble, Thos. C. Trimble, Jr.,* and *Ross Williams,* for appellee.

Appellee was an innocent purchaser of the note without notice. The knowledge of Hemmelberger, the direc-

tor, was not notice to the corporations of which he was a director. 182 S. W. 521; 196 *Id.* 119; Cook on Mortgages (7 Ed.), § 727; 132 Mo. App. 257; 7 R. C. L., § 656; 20 L. R. A. 600; 122 Mo. 332; 76 Mo. App. 356; 37 *Id.* 145.

McCULLOCH, C. J. This is an action instituted by appellee to recover on a note executed by appellant to the Freeze Threshing Machine Company, a foreign corporation. The payee assigned the note before maturity, for a valuable consideration, to Cape Manufacturing Company, another corporation, which in turn assigned it, for a valuable consideration, to appellee. Each of the three corporations are domiciled at Cape Girardeau, Missouri, and J. H. Himmelberger is one of the directors in each of them.

The note was executed for the purchase price of a threshing machine, and the defense tendered by appellant in the trial below is that the consideration for the note had failed in that the machine was unfit for the use for which it was sold. It is also alleged that the Freeze Threshing Machine Company was aware of the defective condition of the machine, and that the Cape Manufacturing Company, as well as appellee, had knowledge of appellant's defenses to a suit on the note, and that neither of those parties were innocent holders of the note for valuable consideration. There was a trial of the issues before the court sitting as a jury, and the court found in favor of appellee and rendered judgment in its favor for the amount of the note.

(1) In testing the correctness of the court's finding we must accept the evidence in its aspect most favorable to appellee.

(2) According to the testimony, Cape Manufacturing Company and appellee had no actual knowledge of the alleged grounds for the defense to the note and purchased the same for a valuable consideration. It must also be treated as settled by the finding of the trial court that Himmelberger, who was director in each of the corporations, had no actual knowledge of any such infirmity in

the note, and the only contention on the part of counsel for appellant is that, on account of Himmelberger's position as director in each of the corporations, knowledge of the Freeze Threshing Machine Company was imputable to him, and that each of the other two corporations in which he was a director was chargeable with such imputed knowledge. This contention of counsel is untenable. We pass over the question whether or not the knowledge of the Freeze Threshing Machine Company is imputable to Himmelberger as director therein, and rest the decision of this case entirely on the proposition that the knowledge of Himmelberger, acting for himself or in the interest of the first named corporation, was not imputable to the other corporations which subsequently purchased the note. This court is committed to the doctrine that the knowledge of an officer of a corporation which comes to him through his private transactions outside of the range of his official duties is not imputable to the corporation itself so as to charge the corporation with constructive notice of the information received by the officer. *Home Insurance Co.* v. *North Little Rock Ice & Electric Co.*, 86 Ark. 538; *Bank of Hartford* v. *McDonald*, 107 Ark. 232. This seems to be in accord with the weight of authority on the subject. 10 Cyc. 1065; 7 R. C. L., § 656.

There being no proof showing that appellee was not an innocent purchaser of the note, the judgment of the circuit court in its favor was correct.

Affirmed.